## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| QUENTIN T. LAWSON, on behalf of himself and all others similarly situated, | CLASS ACTION COMPLAINT |
| Plaintiff, | |
| | CASE NO. 6:19-cv-00255 |
| v. | |
| KINGSTON DATA AND CREDIT INTERNATIONAL, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## CLASS ACTION COMPLAINT

NOW comes QUENTIN T. LAWSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of KINGSTON DATA AND CREDIT INTERNATIONAL, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this this class action on behalf of himself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331 as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4.   Plaintiff is a 38 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Tyler, Texas, which lies within the Eastern District of Texas.

5.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because he is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6.   Defendant is a debt collection agency "with over 35 years combined experience in consumer credit and collections."[1] Defendant is a corporation organized under the laws of the state of Florida who maintains an address at 1701 Drew Street, Unit 8, Clearwater, Florida.

7.   Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly uses the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

8.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

---

[1] https://kdcii.com/about-us/

10.  The instant actions arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

11.  The subject debt stems from a purported debt incurred by Plaintiff for personal fitness services provided by Anytime Fitness which usage was primarily for personal purposes.

12.  Plaintiff purportedly defaulted on this obligation to Anytime Fitness, resulting in Defendant engaging in collection efforts to recover the defaulted obligation.

13.  On or about September 10, 2018, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. mail in an attempt to collect the subject debt from Plaintiff. *See* Defendant's Collection Letter to Plaintiff, attached hereto as **Exhibit A.**

14.  Pursuant to 15 U.S.C. § 1692g, when a debt collector solicits payment from a consumer it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G-Notice," which must include certain disclosures of consumers' federally protected rights under the FDCPA.

15.  Defendant's Collection Letter was the initial communication with Plaintiff, and was the only written correspondence Plaintiff received within the five days of such communication; therefore, Defendant's Collection Letter must comply with the disclosure requirements of 15 U.S.C. § 1692g.

16.  In its attempt provide the required "G-Notice," Defendant's Collection Letter contains the following disclosure:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment or verification.

17.   While Defendant's Collection Letter provides the disclosures required by 15 U.S.C. §§ 1692g(a)(1) – (a)(4), it fails to provide the disclosures required by § 1692g(a)(5).

18.   § 1692g(a)(5) requires debt collectors like Defendant to, in their "G notice," include "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(5).

19.   Defendant's failure in this regard violates Plaintiff's substantive right to receive truthful and straightforward information regarding his rights under the FDCPA.

20.   Defendant has further falsely communicated to Plaintiff and consumers the requirements incumbent upon it as a debt collector covered by the FDCPA.

21.   This false and inaccurate portion of the Collection Letter is deceptive and misleading because it is deceptive to Plaintiff as to the full range of his rights under the FDCPA.

22.   Plaintiff sustained an informational injury as he was not fully apprised of his rights and responsibilities necessary to properly exercise his options under § 1692g.

23.   Plaintiff effectively waived his rights to this statutorily required information because he was not properly informed of the "G-Notice" requirements set forth in the FDCPA.

24.   As a result of Defendant's deceptive and misleading debt collection practices, Plaintiff has been damaged and has been put at the risk of real harm stemming from Defendant's failure to provide adequate disclosures of his rights under the FDCPA.

25.   Exacerbating these concerns, and further constituting additional violations of the FDCPA, Defendant's Collection Letter goes on to overshadow the already deficient disclosure requirements through subsequent verbiage in its Collection Letter.

26.   After providing its deficient "G-Notice," the Collection Letter states:

> Failure to pay this account or contact us **within 30 days *of the date of this letter* will result in further collection activity.**

*See* **Exhibit A** (emphasis added).

27.   This statement is inconsistent with and overshadows the nature of Plaintiff's rights to submit a written dispute within 30 days of *receiving* the Collection Letter.

28.   Pursuant to 15 U.S.C. § 1692g(b), debt collectors are required to cease collection activity upon receiving a written dispute from a consumer within thirty days of such consumer's *receipt* of a "G-Notice" letter.

29.   However, since the date *on* the letter is *not* the date Plaintiff *received* the Collection Letter (but would instead be the date the letter was created), Defendant's statement that Plaintiff's failure to pay or contact Defendant within 30 days *of the date of the Collection Letter **will*** result in further collection activity constitutes a false, deceptive, and misleading representation as to Plaintiff's rights under the FDCPA.

30.   Given the lapse of time between the Collection Letter's creation and the time Plaintiff would have received the Collection Letter, Plaintiff could have submitted a written dispute on the 29th day after *receiving* the Collection Letter, and Defendant would have been precluded from continuing to collect until it obtained verification of the debt and mailed such verification to Plaintiff.

31.   However, because the 29th day after Plaintiff's receipt of the collection letter would be outside the 30 days *of the date* of the letter, Defendant's statement regarding continuing collection activity absent payment or contact within 30 days *of the date of the letter* is a false, deceptive, and misleading representation.

32.  Defendant's overshadowing and inconsistencies regarding Plaintiff's validation rights caused Plaintiff and consumers the same harm as Defendant's failure to adequately provide the "G-Notice" requirements themselves.

33.  All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

## CLASS ACTION ALLEGATIONS

34.  Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for its violations of the FDCPA.

35.  Plaintiff brings this action against Defendant both on his own behalf and as a class action on behalf of the following class ("Class"):

> All persons residing in the state of Texas who received a "G-Notice" collection letter from Defendant substantially similar to the Collection Letter attached hereto as Exhibit A within one year preceding the filing of this complaint through the date of class certification.

36.  This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

37.  The Class outlined above consists of hundreds or more persons throughout the state of Texas, such that joinder of all Class members is impracticable.

38.  There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because the questions of law and fact are based on form dunning letters and are based on a common course of conduct by Defendant.

39.  The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

40.  Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

41.   The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant and the nature of its standardized and form Collection Letters. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Collection Letters to Class members without adequately disclosing consumers' rights under the FDCPA; (ii) whether the Collection Letters sent to Class Members provide inconsistent and overshadowing information as to consumers' rights under the FDCPA; and (iii) the type and amount of relief to which the Plaintiff and Class members are entitled.

42.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each respective Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43.  Plaintiff repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

#### a.  Violations of 15 U.S.C § 1692e

44. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

7

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

46. Defendant violated 15 U.S.C. §§ 1692e and e(10) when it falsely and deceptively failed to provide Plaintiff with the full extent of his rights under the FDCPA. Failing to provide the full extent of a consumer's rights to particular information under the FDCPA is a deceptive and misleading omission and is in violation of the FDCPA.

47. Defendant further violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) when it falsely suggested that Plaintiff's failure to pay within 30 days of the date of letter "will" result in Defendant's continued collection efforts. This statement was patently false, deceptive, and misleading as it blatantly misrepresents and contradicts the true nature of Plaintiff's rights to submit written disputes to Defendant provided under the FDCPA. Defendant's representation falsely represented the legal status of the subject debt, and further constituted a threat to take action that cannot lawfully be taken under the FDCPA.

### b.  Violations of FDCPA § 1692f

48. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

49. Defendant violated §1692f when it unfairly and unconscionably withheld information regarding Plaintiff's rights and presented Plaintiff's rights in a manner that was inconsistent with the true nature of Plaintiff's rights.

### c.  Violations of FDCPA § 1692g

50. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to provide consumers with various pieces of information regarding consumer's rights to dispute the validity

of certain debts in the initial written communication with consumers. Specifically, pursuant to 15 U.S.C. § 1692g(a)(5), in such initial written communication a debt collector must provide "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

51. Defendant violated 15 U.S.C. § 1692g(a)(5) through its complete omission of the statement required to be included in the Collection under this subsection of the FDCPA. Defendant's conduct deceptively omitted Plaintiff's rights under the FDCPA and created confusion with Plaintiff regarding his rights for information regarding the identity of the original and current creditor of the subject debt.

52.  Furthermore, pursuant to 15 U.S.C. § 1692g(b), any "communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

53. Defendant's complete failure to include information regarding Plaintiff's rights to request the name and address of the original creditor further violated § 1692g(b). Defendant's failure renders its Collection Letter a communication that is inconsistent with Plaintiff's rights to request the name and address of the original creditor.

54. Defendant further violated § 1692g(b) through its language which overshadows and is otherwise inconsistent with Plaintiff's rights under § 1692g. Defendant's statement that it will continue collection activity unless Plaintiff made payment or contact with Defendant within 30 days of the date of the letter is inconsistent with Plaintiff's rights to submit a written dispute within 30 days of receiving the letter, and is therefore a violation of § 1692g(b).

55. Defendant's conduct and omissions caused Plaintiff informational injury as he was not accurately and correctly informed of his rights to dispute the debt and obtain particular information in a manner that would assist in his ability to intelligently address the subject debt.

WHEREFORE, Plaintiff, QUENTIN T. LAWSON, respectfully requests that this Honorable Court grant the following:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Certification of the respective Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel for the Class;

c.  Statutory damages under 15 U.S.C. § 1692k(a);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 12, 2019                                      Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)           s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                      *Counsel for Plaintiff*
Admitted in the Eastern District of Texas        Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                               Lombard, Illinois 60148
(630) 568-3056 (phone)                             (630) 581-5858 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com